[Cite as *Reese v. Sweeney*, 2024-Ohio-1466.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

LAMAR REESE,

Relator,

v.

JUDGE MAUREEN SWEENEY,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0099**

---

Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Judges and
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment

---

**JUDGMENT:**
Denied and Dismissed.

---

*Lamar Reese,* pro se*.* and

*Atty. Gina DeGenova,* Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, Chief*,* Criminal Division, Office of the Mahoning County Prosecutor, for Respondent.

Dated: April 16, 2024

**PER CURIAM.**

{¶1}   Relator Lamar Reese filed this original action with a petition for a writ of mandamus naming as Respondent, Judge Maureen A. Sweeney.  Respondent presided over Relator's 2014 jury trial resulting in his conviction for aggravated murder and aggravated robbery.  Respondent sentenced Relator to 33 years to life in prison. Relator's failure to comply with the mandatory inmate filing requirements of R.C. 2969.25 compels dismissal of this action.

{¶2}   R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  Respondent is a government employee and Relator, incarcerated in the Southern Ohio Correctional Facility, is a self-represented inmate. R.C. 2969.21(C) and (D).  A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, 831 N.E.2d 435, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}   First, an inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A).  Relator's petition contains no such affidavit.

{¶4}   Second, Relator failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. He did not file an affidavit of waiver and an affidavit of indigency containing a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as required by R.C. 2969.25(C).

{¶5}   Accordingly, in consideration of the foregoing and upon consideration of Respondent's motion to dismiss, IT IS ORDERED that said motion be, and the same is hereby, GRANTED, the writ is DENIED, and this original action is DISMISSED.  Any and

all unresolved motions and filings not specifically addressed herein are hereby dismissed as moot.

{¶6} IT IS FURTHER ORDERED, pursuant to Civ.R. 58, that the Clerk of the Mahoning County Court of Appeals shall immediately serve notice of this judgment upon all parties, including unrepresented or self-represented parties, and make a note of it on the docket. Costs taxed to Relator.


**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE WILLIAM A. KLATT,
RETIRED, SITTING BY ASSIGNMENT**